FILED
United States Court of Appeals
Tenth Circuit

June 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAAHNCHOOH GHOGOMU,

     Plaintiff-Appellant,

v.

DELTA AIRLINES GLOBAL
SERVICES, LLC, as a subsidiary of
Delta Airlines Inc., and JOHN
WATTS,

     Defendants-Appellees.

No. 15-5112
(D.C. Nos. 4:14-CV-00048-JED-TLW
&4:14-CV-00049-JED-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

At the Tulsa International Airport, every Delta flight is supposed to

have a "final walk around" before the airplane moves from the gate. Prior

to pushing the airplane from the gate, an employee of Delta Airlines

_____

[*]    The Court has determined that oral argument would not materially
aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir.
R. 34.1(G). Thus, we have decided the appeal based on the briefs.

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Global Services, LLC walks around the airplane to check on certain things, such as making sure the fuel-panel door is secure.

There was no final walk around for Delta Flight 5188, and the fuel-panel door was left open, resulting in damage to the airplane when it arrived at the Detroit airport. Delta Global investigated to identify the employee who was supposed to conduct the final walk around. This investigation led Delta Global to point the finger at Mr. Maahnchooh Ghogomu, who had already been warned that another infraction could result in termination. Delta Global fired Mr. Ghogomu for failing to conduct the final walk around.

Mr. Ghogomu viewed the firing as discriminatory because he was black and Cameroon. He brought suit under Title VII and invoked state-law theories of unjust termination, defamation, and intentional infliction of emotional distress. The district court granted summary judgment for Delta Global and denied Mr. Ghogomu's summary judgment motion. Mr. Ghogomu, appearing pro se, appeals based on eight arguments:

1.  The district court relied on tampered deposition excerpts of himself and a Delta Global employee.

2.  The Federal Aviation Administration ultimately blamed someone else for the incident.

3.  Delta Global lied about part of its investigation.

4.  The Equal Employment Opportunity Commission sided with Mr. Ghogomu.

2

5.  Delta Global failed to produce documentary evidence.

6.  Delta Global changed its version of events.

7.  The district court deliberately misconstrued facts and claims.

8.  The district court waited too long to issue a scheduling order.

We afford Mr. Ghohomu's pro se filings a liberal construction. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). But we reject each of his arguments.

**1.  The district court acted within its discretion in rejecting Mr. Ghogomu's allegation of inaccuracies and omissions in the deposition excerpts.**

Mr. Ghogomu contends that the deposition transcripts for himself and a Delta Global employee (John Watts) are inaccurate and incomplete. According to Mr. Ghogomu, his actual deposition testimony was not accurately transcribed by the court reporter and five pages were omitted in his copy of Mr. Watts's deposition transcript. Mr. Ghogomu raised these issues in district court, requesting an order to strike the two deposition transcripts. The court declined to strike the deposition transcripts. That ruling fell within the district court's discretion. *See Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 894 (10th Cir. 1997) ("Like other evidentiary rulings, we review a district court's decision to exclude evidence at the summary judgment stage for abuse of discretion.").

Because Mr. Ghogomu said he was missing five pages from Mr. Watts's deposition transcript, the defendants provided these pages to the

3

district court before it ruled on summary judgment. In addition, the district court concluded that the alleged errors were immaterial and that Mr. Ghogomu had bypassed an opportunity to make changes on the errata page. This reasoning makes sense, and the district court acted within its discretion in declining to strike the deposition transcripts.

**2.    The Federal Aviation Administration's report does not affect the outcome.**

The Federal Aviation Administration investigated and issued a report after Mr. Ghogomu had been fired. The report stated that the fueler had been counseled to secure the fuel cap and door. Mr. Ghogomu views this report as proof that he was not at fault.

The district court correctly concluded that the report does not affect the summary-judgment rulings. The report did not come into existence until Mr. Ghogomu had already been fired. Thus, Delta Global could not have consulted the report when deciding whether to fire Mr. Ghogomu.

The eventual FAA report did nothing to exonerate Mr. Ghogomu. The final walk around is designed to catch things like the fueler's failure to secure the fuel cap and door. Thus, a mistake by the fueler would not excuse a failure of Mr. Ghogomu to make the final walk around.

The district court was right: The eventual FAA report did not affect the summary-judgment rulings.

**3.     Mr. Ghogomu lacks any evidence that Delta Global lied about its investigation.**

In investigating the incident, Delta Global tried to find out who was supposed to do the final walk around for Flight 5188. Delta Global said that the departure had been captured on videotape kept by airport officials. Thus, Delta Global said, three of its employees watched the video to identify the employee who had pushed the airplane from the gate for Flight 5188. That employee would have been the person responsible for the final walk around.

According to Delta Global, the three employees identified Mr. Ghogomu as the person who had pushed the airplane from the gate. Mr. Ghogomu argues that there was never any videotape and that the three employees lied.

This argument arises in the context of summary-judgment rulings, requiring the court to consider whether there was evidence to support Mr. Ghogomu's allegation of an elaborate lie about watching a nonexistent videotape. The district court concluded that there was no evidence to support Mr. Ghogomu's allegation, and we agree.

The evidence showed that the video was kept by airport officials, not Delta Global. Airport officials said that they had routinely deleted videos after 30 days and that Mr. Ghogomu did not request the video until almost 3 months after the incident. By then, the video had been deleted.

5

Mr. Ghogomu points out that the airport had no record of a request from Delta Global to view the video. The absence of a record is relevant if one would expect a record of the request. But there was little reason to expect a record here because requests for airport videos were usually made by telephone. There was no evidence suggesting that a request would ordinarily have been reflected in the airport's records.

For these reasons, we reject Mr. Ghogomu's arguments regarding the videotape of Flight 5188's departure.

**4.    The Equal Employment Opportunity Commission did not say anything supportive of Mr. Ghogomu's claims.**

Mr. Ghogomu points out that the Equal Employment Opportunity Commission issued a right-to-sue letter, characterizing the letter as evidence of Delta Global's fault. Mr. Ghogomu has misunderstood the EEOC letter. The EEOC actually said that it was unable to conclude that Mr. Ghogomu's information would have established a violation of federal law. The letter does not support Mr. Ghogomu's claims.

**5.    The district court correctly rejected Mr. Ghogomu's claim involving nonproduction of documentary evidence.**

Mr. Ghogomu claims that Delta Global singled him out for drug testing after he was identified as the employee responsible for conducting the final walk around. But, Mr. Ghogomu contends, Delta Global failed to produce duty logs or reports showing drug testing of other crew members working on the day of the accident.

According to Mr. Ghogomu, the industry requires duty logs, so their nonexistence constitutes evidence of pretext. He does not explain how a failure to keep duty logs would serve as evidence of pretext. Nor does he present any evidence of an industry standard requiring duty logs. Mr. Ghogomu's allegation is unexplained and unsupported.

Mr. Ghogomu also contends that the absence of documents showing drug testing or incident reports proves that he was singled out. But Delta Global acknowledges that it singled Mr. Ghogomu out. The question is why. Delta Global contends that it singled Mr. Ghogomu out for drug testing only after identifying him as the employee responsible for the final walk around. Mr. Ghogomu's argument about the absence of documents does not create a genuine dispute of material fact. Therefore, the district court correctly rejected Mr. Ghogomu's argument against summary judgment.

**6.    The district court correctly rejected Mr. Ghogomu's contention that Delta Global had changed its version of events.**

Mr. Ghogomu contends that Delta Global changed its explanation for his firing during the litigation. In one motion, Delta Global said that it had fired Mr. Ghogomu because he was responsible for the final walk around and he had neglected to secure the fuel panel door. In later filings, Delta Global said that it had fired Mr. Ghogomu because he failed to conduct the

7

final walk around. In Mr. Ghogomu's view, the two statements are different and this difference constituted evidence of pretext. We disagree.

In our view, the two statements are substantively the same. In both statements, Delta Global said that it had fired Mr. Ghogomu because he failed to conduct the final walk around. That failure was important because it should have led Mr. Ghogomu to see that the fuel panel door was open. In these circumstances, we reject Mr. Ghogomu's characterization of the two statements as a change in Delta Global's version of events.

**7.** **Mr. Ghogomu lacks evidence that the district court deliberately misconstrued facts and claims.**

According to Mr. Ghogomu, the district court deliberately misconstrued facts and claims. We reject this contention.

Mr. Ghogomu does not identify the facts supposedly misconstrued and identifies only one claim allegedly misconstrued: the unjust termination claim. The district court said that this claim had arisen under Title VII. This characterization was correct because Mr. Ghogomu had relied solely on Title VII on his claims involving the termination.

**8.** **The district court did not abuse its discretion in issuing a scheduling order.**

Mr. Ghogomu contends that the district court waited too long to issue a scheduling order. According to Mr. Ghogomu, the delay gave Delta Global too much time for discovery.

8

The Federal Rules of Civil Procedure set a deadline for the issuance of scheduling orders. *See* Fed. R. Civ. P. 16(b)(2). The district court's scheduling order arguably did not satisfy this deadline. But even if the scheduling order was late, it would have remained valid. *See* 3 James Wm. Moore et al., *Moore's Federal Practice* § 16.12[1][a], at 16-44 (3d ed. 2016) ("The time limits applicable to the issuance of a scheduling order do not imply that an order filed after the deadline is invalid.").

Mr. Ghogomu contends that by waiting too long to issue a scheduling order, the district court gave the parties too much time for discovery. This argument is unconvincing. Even with an earlier scheduling order, the court could have given the parties just as much time for discovery. Thus, Mr. Ghogomu has not alleged a reason to believe he was harmed by the delay in issuing the scheduling order.

**9. Disposition**

We affirm.

We also deny the defendants' motion to strike Mr. Ghogomu's exhibits to his reply brief.

Entered for the Court

Robert E. Bacharach
Circuit Judge

9